UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRESTON EUGENE MARTIN-RICHARDSON,<br><br>                Plaintiff,<br><br>   v.<br><br>KING COUNTY CORRECTIONAL FACILITY, et al., | CASE NO. 2:22-cv-00025-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Preston Eugene Martin-Richardson proceeds pro se in this civil rights action under 42 U.S.C. § 1983. Plaintiff is a pre-trial detainee in the custody of the King County Department of Adult and Juvenile Detention ("DJAD"); at the times relevant herein he was detained that the Maleng Regional Justice Center in Kent, Washington. The sole remaining claim in plaintiff's third amended complaint (Dkt. 19) alleges retaliation by defendant Sergeant Jolene Jeffries. Before the Court is defendant Jeffries's motion for summary judgment. Dkt. 36. Although plaintiff twice sought extensions of time to file a response (Dkts. 42, 45), each of which the Court granted (Dkts. 43, 46), plaintiff has not responded to the motion. The Court has reviewed defendant's motion and the record and recommends that the motion for summary judgment be GRANTED, and the case be DISMISSED with prejudice.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

*1.    Procedural history*

Plaintiff commenced this action by filing an application to proceed *in forma pauperis* and a proposed complaint. Dkts. 1-4. Plaintiff subsequently filed several proposed amended complaints, all of which the Court found either incomplete or deficient upon screening under 28 U.S.C. § 1915A. Dkts. 5, 7-9, 12, 16. Plaintiff ultimately filed a third amended complaint which the undersigned screened under 28 U.S.C. § 1915A. Dkt. 19. The undersigned recommended that the complaint be served on defendant Jeffries only and that Jeffries be required to respond only to plaintiff's retaliation claim; the undersigned further recommended that all other claims be dismissed without prejudice and without further leave to amend. Dkt. 22. The Court adopted the recommendation and directed service on Jeffries. Dkt. 23. Defendant Jeffries filed an answer and, subsequently, the motion for summary judgment now before the Court. Dkts. 30, 36.

*2.    Plaintiff's allegations*

Plaintiff's complaint alleges the following facts:

On March 5, 2022, corrections officer J. Anderson "denied a Motion issued by a Judge from Seattle Court under covid 19 protocol" regarding the provision of inmate haircuts. Dkt. 19 at 31. A confrontation took place between plaintiff and Anderson. *Id.*

Plaintiff informed defendant Jeffries of the circumstances surrounding a previous confrontation between plaintiff and Anderson, over which plaintiff had filed a pending complaint. *Id.* Plaintiff also explained to Jeffries that the motion for a haircut was given a month in advance to allow time for inmates to receive a shower, haircut, and fresh clothing before trial. *Id.* This procedure was necessary because inmates were given haircuts only upon "'Motions'

awarded through the courts." *Id.* at 31-32. Plaintiff gave a copy to Jeffries, who stated she would look into the matter. *Id.* at 32.

Jeffries returned 10 minutes later explaining that she was denying plaintiff's motion for a haircut. *Id.* Jeffries directed Anderson to write plaintiff up after he requested an inmate grievance form and to speak with the shift commander. *Id.* Plaintiff later won on the formal complaint regarding the retaliatory behavior and the denial of the court motion. *Id.*

## LEGAL STANDARDS

To prevail on a § 1983 claim, the plaintiff must establish that (1) he suffered a violation of a right protected by the Constitution, and (2) the violation was proximately caused by a person acting under color of state law. *Crumpton v. Gates*, 847 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, the plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

To establish a retaliation claim, the plaintiff must prove that a defendant retaliated against him for exercising a constitutional right and the retaliatory action did not advance legitimate penological goals or was not narrowly tailored to achieve such goals. *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997); *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir. 1983). A prisoner suing a prison official under § 1983 for retaliation for engaging in protected speech must allege "the type of activity he engaged in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity." *Rizzo*, 778 F.2d 527. An inmate must therefore show: (1) a state actor took some adverse action against the inmate; (2) because the inmate engaged in constitutionally protected conduct; (3) the adverse action chilled the inmate's exercise of First Amendment rights; and (4) the adverse action did not reasonably

REPORT AND RECOMMENDATION - 3

advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). A genuine dispute concerning a material fact is presented when there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 253 (1986). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). When the Court considers a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [their] favor." *Anderson*, 477 U.S. at 255.

"If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 249. The nonmoving party is required to present specific facts and cannot rely on conclusory allegations. *Hansen v. U.S.*, 7 F.3d 137, 138 (9th Cir. 1993). A plaintiff must "produce at least some significant probative evidence tending to

REPORT AND RECOMMENDATION - 4

1  support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963
2  (9th Cir. 1990) (internal citation and quotation marks omitted). The court must determine
3  whether the specific facts that are presented by the non-moving party, considered along with
4  undisputed context and background facts, would show that a rational or reasonable jury might
5  return a verdict in the non-moving party's favor based on that evidence. *Emeldi v. University of*
6  *Oregon*, 698 F.3d 715, 728-29 (9th Cir. 2012).
7       Along with her motion for summary judgment, defendant filed a *Rand* notice warning
8  plaintiff of the need to submit evidence to support his claims in response to the motion. Dkt. 39;
9  *see Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998). Despite receiving the *Rand* notice,
10 plaintiff has not filed a response to defendant's motion. Under Local Civil Rule 7(b)(2), the
11 nonmoving party's failure to file points and authorities in response to any motion is deemed to
12 constitute consent to the granting of the motion. Nevertheless, a nonmoving party's failure to
13 comply with local rules in opposing a motion for summary judgment does not relieve the moving
14 party of its affirmative duty to demonstrate entitlement to judgment as a matter of law. *Martinez*
15 *v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003). The moving party must still meet its
16 affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law. *Id.*
17 Thus, the absence of an opposition does not change the defendant's burden, and the Court will
18 consider defendant's motion on the merits.

19      **DEFENDANT'S MOTION**

20      Defendant argues that plaintiff's claim should be dismissed for failure to exhaust. Dkt. 36
21 at 6. The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all administrative
22 remedies before bringing a § 1983 claim. 42 U.S.C. § 1997e(a); *Griffin v. Arpaio*, 557 F.3d 1117,
23 1119 (9th Cir. 2009). To effectively exhaust his administrative remedies, an inmate must use all

REPORT AND RECOMMENDATION - 5

the formal steps of the prison grievance process. *Id*. Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm. *Id.* at 1120.

1. **Defendant's evidence**

Jeffries submitted a declaration stating the following facts in support of her motion:

On March 5, 2022, plaintiff was being held in DAJD custody on matters out of both King County Superior Court and Seattle Municipal Court. Dkt. 37 at 2. On that day, Anderson called Jeffries to report that plaintiff had requested to see a sergeant because he was upset about not receiving a haircut and was claiming he had a court order stating he gets one before his court appearance scheduled for March 8, 2022. *Id.* Anderson also reported that plaintiff had become "enraged" and was "verbally abusive" because Anderson was not giving him a private haircut at that moment. *Id.*

Jeffries looked into the matter and found that the court order directing haircuts was related to plaintiff's Seattle Municipal Court case, not his Superior Court case. Because plaintiff's scheduled court appearance was on his Superior Court case, not his Municipal Court case, the court order did not mandate a haircut that day. *Id.*

At the start of the COVID-19 pandemic, DAJD had suspended in-custody haircuts. *Id.* In response, defense attorneys sought court orders mandating haircuts before scheduled court appearances. *Id.* at 2-3. By March 5, 2022, the DAJD in-custody haircut program had resumed. Under this program, each housing unit had a schedule posted to inform inmates of haircut days; each inmate was responsible for signing up for a haircut the day before the unit's scheduled haircut day. *Id.* at 3. March 5, 2022 was the scheduled haircut day for plaintiff's unit. *Id.* Plaintiff

REPORT AND RECOMMENDATION - 6

did not sign up for a haircut or ask if he could sign up late. *Id.* Instead, he demanded a haircut after the barbers had left his unit. *Id.*

Jeffries responded to plaintiff's unit and informed him that the court order did not entitle him to a haircut that day, and that he had not signed up for a haircut as required for the in-custody haircut program. *Id.* Jeffries witnessed plaintiff become verbally abusive and demeaning to jail staff. *Id.* Plaintiff was given an infraction for Verbal Abuse Directed at Staff, to which he pled guilty and was given 5 days of disciplinary housing. *Id.* The infraction was not in retaliation for his request for a haircut. *Id.*

Plaintiff filed a grievance regarding the March 5, 2022, incident and not getting a haircut. *Id.* The response to the grievance informed plaintiff that he would have received a haircut if he had signed up for one according to the protocol. *Id.* at 3-4. Plaintiff did not appeal the grievance decision. *Id.* at 4.

Jeffries had had no prior interactions with plaintiff, she was not aware of a lawsuit plaintiff had filed against Anderson until September 2022, and she has had no further interactions with plaintiff. *Id.*

All inmates in DAJD custody are made aware of the inmate grievance process at the time of booking and are provided with a copy of the Inmate Handbook, which describes the grievance process and procedures. *Id.* at 4. The DAJD grievance process as outlined in the Inmate Handbook requires the inmate to first bring their concern to a DAJD staff member in an attempt to resolve the issue. *Id.* If the issue is not resolved, the inmate must submit a grievance form within 14 days of the incident being grieved. *Id.* A supervisor is required to respond to the inmate within 10 days. *Id.* If the inmate disagrees with the supervisor's response, they may

REPORT AND RECOMMENDATION - 7

1  submit an appeal to an administrator, who will respond within 20 days. *Id.*; *see also* Dkt. 38, ex.
2  1 (Inmate Handbook) at 8-9.
3       Jeffries submitted the following exhibits to her declaration:
4       A grievance filed by plaintiff on March 5, 2022, alleged staff misconduct and retaliation
5  regarding the denial of a haircut. Dkt. 37, ex. A. The grievance response stated "You would have
6  received a haircut if you had signed up for one regardless of the court order (which will be
7  honored). This SMC [Seattle Municipal Court] order does not apply to all courts you are
8  currently in. Superior Court will need to generate a court order also." *Id.* The section for
9  grievance appeal is blank.
10      A Rule Infraction Report/Behavior Modification Report dated March 5, 2022, described
11 the incident, identified the rules violated as Refusing Orders/Causing a Code and Verbal and
12 Non-Verbal Abuse Directed at Staff, and referred the matter for a hearing. Dkt. 37, ex. B.
13      A disciplinary hearing report dated March 10, 2022, included plaintiff's statement
14 describing the incident, denying that he refused any orders, and stating that he was guilty of
15 verbal abuse but it was out of frustration and not directed at any officer. Dkt. 37 ex. C. Plaintiff
16 was found guilty of verbal abuse based on the officer report and plaintiff's own account of the
17 incident, and a sanction of five days of disciplinary segregation was imposed. *Id.* Plaintiff
18 appealed but did not present any new evidence or information to change the outcome of the
19 hearing or the sanction and the disciplinary decision stood as rendered. *Id.*
20     **2.**    ***Failure to exhaust***
21      Jeffries argues that while plaintiff filed a grievance alleging staff misconduct and
22 retaliation regarding the haircut incident, he did not appeal the decision on the grievance. Dkt. 36
23 at 7. She asserts that plaintiff therefore failed to exhaust his administrative remedies. *Id.* Jeffries

REPORT AND RECOMMENDATION - 8

has submitted evidence supporting this contention. Her declaration and the grievance form establish that plaintiff filed a grievance alleging retaliation for the haircut incident, but he did not appeal the initial grievance response. Because plaintiff did not use all the formal steps of the DAJD inmate grievance procedure, he failed to effectively exhaust his administrative remedies.

The only information plaintiff submitted regarding exhaustion is his allegation in his complaint that he "later won on the formal complaint regarding the retaliatory behavior and the denial of the court motion." Dkt. 19 at 32. He refers to "attached documentation of infraction report and formal inmate complaint." *Id.* However, a review of the attachments to plaintiff's third amended complaint, as well as his previous proposed complaints, did not reveal any such documentation. Plaintiff's assertion, without more, is insufficient establish that he exhausted his administrative remedies. Plaintiff has failed to submit any evidence that could support a finding that he exhausted his administrative remedies as to his claim of retaliation.

In sum, viewing the evidence in the light most favorable to plaintiff, the Court finds that defendant has established that plaintiff failed to exhaust his administrative remedies as to his sole remaining claim, and plaintiff has not submitted any evidence suggesting otherwise. The Court therefore concludes that defendants are entitled to summary judgment in this matter and recommends their motion be granted.

## OBJECTIONS AND APPEAL

The Court recommends that defendant's motion for summary judgment be **GRANTED** and this action be **DISMISSED WITH PREJUDICE.**

Any objections to this recommendation must be filed and served upon all parties no later than **June 1, 2023**. The Clerk should note the matter as ready for the District Judge's consideration on **June 2, 2023**, if no objection is filed. If objections are filed, any response is due

REPORT AND RECOMMENDATION - 9

within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 12 pages. The failure to timely object may affect the right to appeal.

DATED this 18th day of May, 2023.

							_____
							BRIAN A. TSUCHIDA
							United States Magistrate Judge

REPORT AND RECOMMENDATION - 10